UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:20-cv-20042-KMM

CARL GLOVER,

    Plaintiff,

v.

NPAS, INC., and MIAMI BEACH HEALTHCARE
GROUP, LTD d/b/a AVENTURA HOSPITAL AND
MEDICAL CENTER,

    Defendants.
_____/

### DEFENDANT NPAS, INC.'S
### ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant NPAS, Inc. ("NPAS" or the "Defendant") in response to the Complaint filed by Plaintiff on January 6, 2020 [ECF No. 1] (the "Complaint"), denies any violation of 15 U.S.C. §1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), and Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA"). In further response to the Complaint, Defendant states as follows:

### JURISDICTION AND VENUE

1.    On information and belief that Plaintiff's Complaint alleges a violation of 15 U.S.C. §1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), jurisdiction of this Court is admitted.

2.    On information and belief that Plaintiff's Complaint alleges a violation of the FDCPA, supplemental jurisdiction is admitted for allegations brought under Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA").

3. With regard to Paragraph 3, NPAS admits that venue within this District is proper, but NPAS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3 and, therefore, denies the same.

## PARTIES

4. NPAS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint and, therefore, denies the same.

5. NPAS admits the allegations contained in Paragraph 5.

6. NPAS admits only that it uses the mail and telephone; NPAS denies the remaining allegations contained in Paragraph 6.

7. NPAS denies that it is a debt collector as that term is defined by the FDCPA, 15 U.S.C. §1692a(6). Paragraph 7 of the Complaint states additional legal conclusions and legal argument to which no response is required. To the extent a response is required, NPAS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7, and, therefore, denies the same.

8. NPAS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 and, therefore, denies same.

9. NPAS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 and, therefore, denies same.

## DEMAND FOR JURY TRIAL

10. NPAS admits that Plaintiff has demanded a jury trial on all accounts.

## FACTUAL ALLEGATIONS

11. NPAS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 and, therefore, denies same.

12. NPAS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 and, therefore, denies same.

13. NPAS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 and, therefore, denies same.

14. NPAS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 and, therefore, denies same.

15. NPAS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 and, therefore, denies same.

16. NPAS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 and, therefore, denies same.

17. NPAS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 and, therefore, denies same.

18. NPAS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 and, therefore, denies same.

19. NPAS denies the allegations contained in Paragraph 19 of the Complaint.

20. NPAS denies the allegations contained in Paragraph 20 of the Complaint.

21. NPAS denies the allegations contained in Paragraph 21 of the Complaint.

22. NPAS denies the allegations contained in Paragraph 22 of the Complaint.

23. NPAS denies the allegations contained in Paragraph 23 of the Complaint.

24. NPAS denies the allegations contained in Paragraph 24 of the Complaint.

25. With regard to Paragraph 25, NPAS admits it is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

26. With regard to Paragraph 26, NPAS admits it is a "Consumer Collection Agency"

license number is CCA9902869.

27. With regard to Paragraph 27, NPAS admits it maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

28. With regard to Paragraph 28, NPAS admits the records specified by Rule 69V-180.080, Florida Administrative Code, of which NPAS maintain, are current to within one week of the current date.

29. With regard to Paragraph 29, NPAS admits that it issued the statement attached as Exhibit A but denies all additional allegations and characterizations contained in Paragraph 29 of the Complaint.

30. Paragraph 30 of the Complaint states legal conclusions and legal argument to which no response is required. To the extent a response is required, NPAS is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 30 and, therefore, denies the same.

31. Paragraph 31 of the Complaint states legal conclusions and legal argument to which no response is required. To the extent a response is required, NPAS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and, therefore, denies the same.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e & § 16922e(2)(a)
AGAINST DEFENDANT NPAS, INC.

32. NPAS incorporates by reference Paragraphs 1 through 31 of the Answer as though fully stated herein.

33. Paragraph 33 of the Complaint states legal conclusions and legal argument to which

no response is required. To the extent a response is required, NPAS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and, therefore, denies the same.

34. Paragraph 34 of the Complaint states legal conclusions and legal argument to which no response is required. To the extent a response is required, NPAS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and, therefore, denies the same.

35. Paragraph 35 of the Complaint states legal conclusions and legal argument to which no response is required. To the extent a response is required, NPAS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and, therefore, denies the same.

36. Paragraph 36 of the Complaint states legal conclusions and legal argument to which no response is required. To the extent a response is required, NPAS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and, therefore, denies the same.

37. Paragraph 37 of the Complaint states legal conclusions and legal argument to which no response is required. To the extent a response is required, NPAS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and, therefore, denies the same.

38. NPAS denies the allegations contained in Paragraph 38 of the Complaint.

39. NPAS denies the allegations contained in Paragraph 39 of the Complaint.

40. Wherefore, having fully answered Plaintiff's allegations and specifically the

allegations of Count I, NPAS, Inc. respectfully requests that this Court dismiss Count I, with prejudice, award its costs incurred herein, and grant such other relief as the Court deems just and proper.

## COUNT II
### VIOLATION OF FLA. STAT. § 559.72(9)
AGAINST DEFENDANT NPAS INC.

41. NPAS incorporates by reference Paragraphs 1 through 31 of the Answer as though fully set forth herein.

42. Paragraph 42 of the Complaint states legal conclusions and legal argument to which no response is required. To the extent a response is required, NPAS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and, therefore, denies the same.

43. Paragraph 43 of the Complaint states legal conclusions and legal argument to which no response is required. To the extent a response is required, NPAS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and, therefore, denies the same.

44. Paragraph 44 of the Complaint states legal conclusions and legal argument to which no response is required. To the extent a response is required, NPAS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 and, therefore, denies the same.

45. Paragraph 45 of the Complaint states legal conclusions and legal argument to which no response is required. To the extent a response is required, NPAS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 and, therefore, denies the same.

46. NPAS denies the allegations contained in Paragraph 46 of the Complaint.

47. NPAS denies the allegations contained in Paragraph 47 of the Complaint.

48. Wherefore, having fully answered Plaintiff's allegations and specifically the allegations of Count II, NPAS, Inc. respectfully requests that this Court dismiss Count II, with prejudice, award its costs incurred herein, and grant such other relief as the Court deems just and proper.

## COUNT III
## VIOLATION OF FLA. STAT. § 559.72(5)
Against Miami Beach Healthcare Group, Ltd. d/b/a Aventura Hospital and Medical Center

49. NPAS incorporates by reference Paragraphs 1 through 31 of the Answer as though fully set forth herein.

50. The allegations contained in Paragraph 50 of the Complaint are directed to a separate Defendant, thus requiring no response for this Defendant. In addition, Paragraph 50 of the Complaint contains legal conclusions and legal argument to which no response is required. To the extent a response is required, for its response to Paragraph 50, NPAS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and, therefore, denies the same.

51. The allegations contained in Paragraph 51 of the Complaint are directed to a separate Defendant, thus requiring no response for this Defendant. In addition, Paragraph 51 of the Complaint contains legal conclusions and legal argument to which no response is required. To the extent a response is required, for its response to Paragraph 51, NPAS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 and, therefore, denies the same.

52. The allegations contained in Paragraph 52 of the Complaint are directed to a separate

Defendant, thus requiring no response for this Defendant. In addition, Paragraph 52 of the Complaint contains legal conclusions and legal argument to which no response is required. To the extent a response is required, for its response to Paragraph 52, NPAS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 and, therefore, denies the same.

53. The allegations contained in Paragraph 53 of the Complaint are directed to a separate Defendant, thus requiring no response for this Defendant. In addition, Paragraph 53 of the Complaint contains legal conclusions and legal argument to which no response is required. To the extent a response is required, for its response to Paragraph 53, NPAS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and, therefore, denies the same.

54. The allegations contained in Paragraph 54 of the Complaint are directed to a separate Defendant, thus requiring no response for this Defendant. In addition, Paragraph 54 of the Complaint contains legal conclusions and legal argument to which no response is required. To the extent a response is required, for its response to Paragraph 54, NPAS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and, therefore, denies the same.

55. The allegations contained in Paragraph 55 of the Complaint are directed to a separate Defendant, thus requiring no response for this Defendant. In addition, Paragraph 55 of the Complaint contains legal conclusions and legal argument to which no response is required. To the extent a response is required, for its response to Paragraph 55, NPAS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 and, therefore, denies the same.

56.     The allegations contained in Paragraph 56 of the Complaint are directed to a separate Defendant, thus requiring no response for this Defendant. In addition, Paragraph 56 of the Complaint contains legal conclusions and legal argument to which no response is required. To the extent a response is required, for its response to Paragraph 56, NPAS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and, therefore, denies the same.

57.     Wherefore, having fully answered Plaintiff's allegations and specifically the allegations of Count III, NPAS, Inc. respectfully requests that this Court dismiss Count III, with prejudice, award its costs incurred herein, and grant such other relief as the Court deems just and proper.

## **AFFIRMATIVE DEFENSES AND OTHER DEFENSES**

A.     All allegations of the Complaint not specifically admitted by NPAS are hereby denied.

B.     As and for its affirmative defenses, Plaintiff's Complaint fails to state a claim upon which relief can be granted in that Plaintiff's Complaint states mere legal conclusions without any factual support. Specifically, there are no facts or evidence provided to support the allegation that the Plaintiff suffered an accident and related injuries in the course and scope of Plaintiff's employment. There is no allegation as to the Plaintiff's employer, the nature of the alleged injuries, or the relation of the alleged injuries to the alleged employment.  As a result, Plaintiff's allegations fail as a matter of law.

C.     Plaintiff's Complaint is barred, in whole or in part, by the doctrines of laches, waiver, estoppel, and/or unclean hands.

  D. Plaintiff has not incurred a concrete or particularized injury as a result of the claimed FDCPA violations as required by *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 194 L. Ed. 635 (2016).

  E. Plaintiff has failed to plead allegations with required particularity, failed to plead damages with required specificity, and has sustained no actual damages.

  F. NPAS states that any failure to comply with the requirements of the FCCPA, which may have occurred and about which Plaintiff complains, if it occurred, was not intentional but resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adopted to avoid any such error; therefore, under the provisions of the FCCPA, NPAS is not liable to Plaintiff.

  G. NPAS states that Plaintiff has not incurred any actual damages as a result of any alleged violation by NPAS of the FCCPA. Alternatively, NPAS asserts that any such damages incurred were not reasonably foreseeable and/or that Plaintiff has failed to mitigate his damages, if any.

  H. NPAS states that Plaintiff has not met the prerequisites of the FCCPA, such that Plaintiff was not entitled to the protection of the FCCPA for all or part of the relevant time period outlined in the complaint.

  I. Plaintiff's Counts II and III are improper attempts to expand recovery. Several Florida courts have interpreted the FCCPA language to limit a plaintiff's claim for damages to $1,000 per action, not per violation. See *Harrington v. RoundPoint Mortg. Servicing Corp.*, 163 F. Supp. 3d 1240, 1248 (M.D. Fla. 2016).

  J. NPAS asserts that any and all failures to comply with the requirements of the Federal Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. (the "FDCPA"), which may have occurred and about which Plaintiff complains, if they occurred, were not intentional but resulted from bona

fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error; therefore, under the provisions of the FDCPA, NPAS is not liable to Plaintiff.

K.   NPAS presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, and as of yet unstated, affirmative defenses available. NPAS hereby reserves the right to assert additional affirmative defenses in the event discovery indicates that such would be appropriate.

L.   NPAS asserts that it is not a debt collector as that term is defined in the FDCPA, and, therefore, the alleged violations by NPAS of the FDCPA are without merit.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant NPAS, Inc. respectfully requests that this Court dismiss Plaintiff's Complaint, with prejudice, award its costs incurred herein, and grant such other relief as the Court deems just and proper.

Dated: January 28, 2020                     Respectfully submitted,

*/s/ Naomi M. Berry*
Naomi M. Berry (FBN 69916)
nberry@carltonfields.com
Carlton Fields, P.A.
100 SE Second St., Suite 4200
Miami, Florida 33131
Telephone: (305) 530-0050

and

Scott A. Richards (FBN 72657)
SRichards@carltonfields.com
Carlton Fields, P.A.
200 South Orange Avenue, Suite 1000
Orlando, FL 32801
Telephone: (407) 244-8226
*Counsel for Defendant NPAS, Inc.*